Dear Councilwoman Graham:
You requested a legal opinion on several questions which you categorize into three groups, each of which involves a particular person and his or her unique factual situation.
In the first situation, you ask whether an employee of the city of Bogalusa may receive monetary compensation in lieu of the city's paying his group health insurance.
In our Opinion No. 05-0049 (a copy of which is enclosed), we answered a similar question. In that opinion, an alderman for the town of Amite already was covered with group health insurance from the sheriffs office. The town had their group policy with the same insurance company that the alderman was already covered by. The town then tried to arrange separate coverage paid for by the town with another insurer as additional insurance through an individual policy (not a group policy). In our opinion, the town could not validly do so. The legislative statute (R.S.33:5151) authorizes municipalities to obtain group health policies for their employees and officials, and obtaining additional individual policies for any employees or officials exceeded the statutory authority given to the town to provide health benefits for its employees.
In the same manner, the city of Bogalusa is authorized to obtain a group health policy for its employees and officials but is not authorized to take its contributing share of insurance premiums and pay them directly to an employee. As permitted by the classified civil service provisions and regulations and the statutes and ordinances dealing with employment compensation, the employing authority may set whatever salary it deems appropriate to compensate an *Page 2 
employee, but it cannot validly take its group health premiums and pay them directly to the employee in lieu of health insurance coverage.
In the second situation, you ask whether an employee of the city of Bogalusa may retire (having reached maximum requirements) and, while continuing to draw retirement benefits from the city retirement system,
 (a) return to work in the same department with a different title in a created position that is not union;
 (b) not re-establish contributions into the city retirement system (as the employee is more than the maximum age to become a member of the city retirement system); and
 (c) receive city employment benefits (group health insurance to be paid by employee, no sick or vacation leave, dedicated employee supplemental-pay sales tax contributions).
The city of Bogalusa has its own retirement system, which is governed by R.S. 11:3031 through 3053. While some of the other public retirement systems in the state have various restrictions on the continuing reception of retirement benefits, after retirement of a member, and that member's re-employment with the same employer covered by such retirement system, we cannot find in these statutes any such restrictions. (Whether or not the position held by this employee is "union" appears to be irrelevant to the retirement questions you ask.) Secondly, membership in this retirement system is mandated and contemplated for city employees who are "under the age of sixty years on the date of employment," R.S.11:3034(A)(2). If the employee is over the age of sixty years on the effective date of the current employment, that person does not have to become a member of the city retirement system and does not have to pay contributions thereto. Finally, from the facts that you have presented to us, we see no legal reason that the employee, if full-time, for example, should not receive the same employment benefits as all other full-time employees. Indeed, as our Opinion No. 05-0049 pointed out, to treat this employee differently from all other employees of the same type or class might violate the Equal Protection clauses of the federal and state constitutions.
In the third situation, you tell us that an employee of the city of Bogalusa retired under the Bogalusa Police State Retirement and later returned to work for the city in another department and entered the City Employees Retirement System, the retirement program of that department. You then ask whether such employee may *Page 3 
 (a) become a member of the City Employees Retirement System: and
 (b) receive benefits given all other employees (insurance, sales tax distributions, and vacation and sick leave).
By "Bogalusa Police State Retirement," we take it that you mean the Municipal Police Employees' Retirement System, the retirement system to which Bogalusa City Police employees are members. The Municipal Police Employees' Retirement System is governed by R.S. 11:2211 et seq. R.S.11:2220 (A)(1)(e), (f), and (g) provide restrictions on the continued receipt of retirement benefits by a person retired from this system who becomes re-employed; however, under the explicit terms of these statutory provisions, these restrictions apply only when the retired person becomes re-employed by a municipal police department and not when he or she is re-employed in another city department not covered by the Municipal Police Employees' Retirement System but rather covered, for example, by the City Employees Retirement System. In such a case as you described, the employee may continue to receive his or her retirement benefits from the Municipal Police Employees' Retirement System and also join the City Employees Retirement System, as long as the employee is otherwise qualified to join the latter system. Again, from the facts that you have presented to us, we see no legal reason that the employee should not receive all the same employee benefits that all other employees of the same type or class receive.
We trust that this opinion has satisfactorily answered you request. However, if you should need further information, please do not hesitate to contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 Assistant Attorney General
 Enclosure *Page 1 
OPINION NUMBER 05-0049
54-INSURANCE 71 — MUNICIPALITIES 90-A-1 — PUBLIC FUNDS CONTRACTSFourteenth Amendment of the United States Constitution Article I, Section 3 of the 1974 Louisiana Constitution Article VII, Section 14(A) of the 1974 Louisiana Constitution LSA-R.S. 33:5151
Town of Amite is not authorized to provide, either in whole or in part, a separate or individual policy of health insurance for any of its employees or officials, even if the cost of the individual policy is equal to or less than the cost of providing the employee or official with coverage under the Town's group policy.
Honorable R. E. Goldsby, M.D. Mayor, Town of Amite 212 E. Oak Street Amite, Louisiana 70422
Dear Mayor Goldsby:
This office is in receipt of your request for an Attorney General's Opinion regarding the Town of Amite's provision of an individual health insurance policy for one of its alderman.
According to your correspondence, the Town of Amite's Board of Aldermen enacted Ordinance No. 4-2003, copy attached, which authorizes the Town to ". . . offer group health insurance coverage . . ." (emphasis supplied) for its employees and officials. In accordance with Ordinance 4-2003, the Town entered into an agreement with United Healthcare for its employees' insurance coverage. Pursuant to the Ordinance, 100% of each Town aldermen's premiums with United Healthcare are paid by the Town.
One alderman, a former employee of the Tangipahoa Sheriff's Office, already had coverage with United Healthcare through the Sheriff's Office. Since the alderman did not need coverage with United Healthcare, the Town's insurance agent arranged for a policy for that alderman with Blue Cross (which policy was in addition to the United Healthcare coverage the alderman was already receiving from the Sheriff's office), and the Town has paid this alderman's premiums to Blue Cross, even though all other employees who chose to have health coverage were covered by United Healthcare.
On behalf of the Town, you have requested the opinion of this office as to whether it is legal for the Town to provide a separate or individual health insurance policy for one of the Town's aldermen, with a different company than the company that provides group health coverage for all other Town employees. Additionally, you seek our opinion with respect to the legality of such a policy if the coverage provided is more costly than that provided to other Town employees.
Before addressing the issues of state law raised by your request, we note that Ordinance 4-2003 only authorizes the Town to offer `group' coverage to its employees *Page 2 
and officials. In our opinion, Ordinance 4-2003 does not provide authority for the Town to provide any employee or official with a separate or individual health insurance policy. With respect to state law, we call your attention to Article VII, Section 14(A) of the 1974 Louisiana Constitution. This constitutional provision generally prohibits the loan, pledge and/or donation of public funds, credit and property to any person, association or corporation, public or private. However, constitutional exceptions to this prohibition are found in Section 14(B) which provides, in pertinent part, the following:
 "Nothing in this Section shall prevent. . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees. . ."
Cleary, the Constitution enables state and local entities (e.g., the Town) to fund "insurance programs" for its employees and/or officials. This authority has been implemented by the Louisiana Legislature, with respect to political subdivisions such as the Town of Amite, at LSA-R.S.33:5151, which provides:
 "A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both." (Emphasis added).
In our opinion, this provision of law authorizes the Town to pay all or a portion of the premiums for health insurance for its employees and officials, including its aldermen, but only with respect to "policies ofgroup insurance". The Town of Amite is not authorized to provide, either in whole or in part, a separate or individual policy of health insurance for any of its employees or officials, even if the cost of the individual policy is equal to or less than the cost of providing the employee or official with coverage under the Town's group policy.
We also note that the situation contemplated by your request, whereby one official is given the privilege of an individual health insurance policy, a privilege not extended to all other similarly situated employees and officials, may also invoke questions under constitutional provisions requiring equal protection. See: Article I, Section 3 of the 1974
Louisiana Constitution and the Fourteenth Amendment of the United States
Constitution. Under the equal protection clauses of the state and federal constitutions, *Page 3 
differential treatment must be reasonable in light of the governmental purpose for which the laws authorizing same were enacted.
We trust the foregoing to be of assistance. If you have any questions, please do not hesitate to contact us.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:__________________________
 JEANNE-MARIE ZERINGUE BARHAM
 Assistant Attorney General
Attachment
C. Insurance.
The municipality may offer group health insurance coverage for full-time employees, who are defined as working 35 hours or more weekly. Class guidelines are as follows:
Class 1
The Town will pay 100% of the premium for employee and family, effective the first month following 30 days employment:
Mayor
City Council Police Chief
Class 2
The Town will pay $ 709.10 toward the premium for employee and family, $ 513.48 toward the premium for employee and spouse, and $ 452.35 toward the premium for employee and children, effective the first month following 30 days employment, for the following employees with a hire date before May 1, 2003:
Police Officers Street Superintendent City Clerk Assistant City Clerk Water and Waste Water Foreman
Class 3
The Town will pay 100% of the premium for employee only, effective the first month following 90 days employment, for the following employees with a hire date before May 1, 2003.
All full-time employees, except Class 1, 2, and 4 and summer workers and laborers.
Class 4
The Town will pay 100% of the premium for employee only, effective the first month following 365 days employment, for the following employees with a hire date before May 1, 2003:
Laborers
Employees Hired on or after May 1, 2003
All full-time employees with a hire date on or after May 1, 2003 will be provided employee only coverage provided the cost of that coverage is at or below $ 300.03 a month. Any employee who chooses dependent coverage will be required to pay any and all costs above the premium cap for employee only coverage.
Be it ordained by the Mayor and the City Council for the Town of Amite City that Ordinance No. 4 — 2003 was duly approved by a majority vote of the City Council of the Town of Amite City on this 1st day of April 2003.
Attest:
R. E. Goldsby, M.D. Mayor
Mary Lou Lee City Clerk